UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| SHAWN L. ROBINSON | : | |
| --- | --- | --- |
| | : | |
| v. | : | C.A. No. 14-050L |
| | : | |
| ASHBEL T. WALL | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On January 28, 2014, Petitioner Shawn Robinson filed the instant Habeas Corpus Petition pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his conviction and sentence for a weapons offense in violation of R.I. Gen. Laws § 11-47-42(2).[1] He was found guilty by jury verdict on July 20, 2012 and sentenced to three years' imprisonment with three years' probation on January 16, 2013. See State v. Robinson, P2-2011-0392A.

On October 15, 2014, the State moved to dismiss this Petition as unexhausted under 28 U.S.C. § 2254(b)(1)(A) which requires a habeas corpus petitioner to exhaust the remedies available in state court prior to seeking federal habeas corpus relief. The State asserts that Petitioner filed a notice of appeal on January 16, 2013 but, to date, he has not perfected his direct appeal. Thus, it argues that his Petition is plainly premature.

Petitioner has not responded to the State's Motion to Dismiss and thus it is unopposed and may be granted as such. In addition, it is clear from Petitioner's submissions and those accompanying the State's Motion to Dismiss that Petitioner has not yet exhausted his state court remedies. Furthermore, since Petitioner has failed to respond to the State's Motion to Dismiss, he

---

[1] Petitioner was convicted of possessing a home-made metal "shank" while incarcerated at the A.C.I.

has not demonstrated the existence of any factual circumstances which might excuse exhaustion pursuant to 28 U.S.C. § 2254(b)(1)(B).

For the foregoing reasons, I recommend that the State's Unopposed Motion to Dismiss this Petition as Unexhausted (Document No. 7) be GRANTED and that this Unexhausted Petition be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 3, 2014